UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| In re: Shannon Denise Jackson ) | | Chapter 13 |
| ) | | Bankr. Case No. 05-44941-B |
| Debtor, ) | | |
| ) | | |
| Shannon Denise Jackson, ) | | CA No. 1:06-cv-00089-MBS |
| ) | | |
| Appellant, ) | | |
| vs. ) | | **OPINION AND ORDER** |
| ) | | |
| W. Clarkson McDow, Jr., United States ) | | |
| Trustee, Region Four, and Joy S. ) | | |
| Goodwin, ) | | |
| ) | | |
| Appellees. ) | | |
| ) | | |

Appellant Shannon Denise Jackson is a debtor in a Chapter 13 case filed in the United States Bankruptcy Court on October 21, 2005. Appellant's petition is governed by the Bankruptcy Abuse Prevention and Consumer Prevention Act of 2005 ("BAPCPA"), 11 U.S.C. §§ 526-528 (2006), which became effective on October 17, 2005. Appellant seeks review of a bankruptcy court order.

**I.     FACTS.**

BAPCPA established significant restrictions on the activities of debt relief agencies ("DRAs").[1] Given confusion as to whether attorneys who provide bankruptcy advice constitute

---

[1] DRAs are required to provide detailed written notice to all "assisted persons" of the disclosure requirements of the Bankruptcy Code, the obligation of accuracy and truthfulness on those disclosures, and that failure to comply with those requirements carries potential civil and criminal sanctions. 11 U.S.C. § 527. Furthermore, DRAs are barred from failing to provide the services for which they contracted, counseling any person to make false statements, or advising such person "to incur more debt in contemplation of such person filing a case under this title or to pay an attorney or bankruptcy petition preparer fee." 11 U.S.C. § 526(a)(4).

1

DRAs,[2] Appellant alleges that BAPCPA prevented her attorney from providing specific advice about her bankruptcy options. (Motion ¶ 11 (Entry 3).) For example, Appellant asserts that BAPCPA barred her attorney from advising her to incur additional debt in contemplation of filing for bankruptcy relief, even if it were to her benefit do so by obtaining a new mortgage, or refinancing an existing mortgage for a lower interest rate. (*See id.* ¶¶ 11-14.) On October 27, 2005, Appellant filed a Motion of Debtor for Declaration that the Debt Relief Provisions of the BAPCPA are Invalid as Applied to Duly Admitted Members of the Bar ("Motion"). Appellant sought a declaratory judgment as to whether the DRA provisions of BAPCPA apply to attorneys. (*Id.* ¶¶ 1-25.)

The Honorable William Thurmond Bishop denied the Motion on November 21, 2005. (Order of Bankruptcy Court, November 21, 2005 (Entry 3).) Judge Bishop did not rule on the merits of Appellant's Motion. Rather, Judge Bishop held:

> As the debtor's motion seeks declaratory relief, it must be filed as an adversary proceeding pursuant to Fed. R. Bankr. P. 7001. The provisions of 11 U.S.C. § 526(c)(5) apply only in the situation where a violation of the debt relief provisions of BAPCPA has occurred. Further, as an actual or justiciable controversy has not arisen in this case, the matter is not ripe.

*Id.* On January 10, 2006, Appellant filed a notice of appeal of Judge Bishop's Order pursuant to 28 U.S.C. § 158. (Notice of Appeal, January 10, 2006 (Entry 1).)

**II.     DISCUSSION.**

Appellant seeks declaratory relief, which the Federal Rules of Bankruptcy Procedure classify as an "adversary proceeding." *See* Fed. R. Bankr. P. 7001. To commence an adversary proceeding,

---

[2] *See, e.g.*, Erwin Chemerinsky, *Constitutional Issues Posed in the Bankruptcy Abuse Prevention and Consumer Prevention Protection Act of 2005*, 79 AM. BANKR. L.J. 571, 576 (2005) ("A lawyer who provides any bankruptcy assistance to an 'assisted person' is defined to be a 'debt relief agency.'").

2

a litigant must file a complaint and serve the complaint on all necessary parties to the action. *See* Fed. R. Bankr. P. 7003-7004. Appellant did not properly file the Motion as an adversary proceeding, but contends the bankruptcy court erred in denying her on this ground as both 11 U.S.C. § 526(c)(5) and 11 U.S.C. § 105(a) vest the bankruptcy court with authority to issue a declaratory judgment on her Motion. The court disagrees.

Under the BAPCPA, a bankruptcy court, upon motion of a debtor or trustee or on its own Motion, possesses the authority to enjoin violations of the DRA section. 11 U.S.C. § 526(c)(5). However, here, Appellant does not allege a violation of BAPCPA's DRA provisions. (*See* Motion ¶¶ 1-25.) Instead, Appellant seeks a declaration that the DRA restrictions do not apply to attorneys and if they do, they are unconstitutional. (*Id.* ¶ 11.) As such, Judge Bishop correctly concluded that, as a procedural matter, Appellant had to properly submit her arguments as an adversary proceeding.[3]

Alternatively, Appellant contends that 11 U.S.C. § 105(a) permits Judge Bishop to rule on the Motion. Section 105(a) sets forth the equitable powers of a court sitting in bankruptcy, providing, in part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." While § 105(a) may "encourage courts to be innovative, and even original, these equitable powers are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules." *Official Comm. of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987). In other words, the exercise of equitable powers must be "strictly confined within the parameters established by the language and intent of

---

[3] Furthermore, given the objections of the United States Trustee, Appellant cannot claim that the U.S. Trustee waived either expressly or impliedly Appellant's obligation to file her arguments as an adversary proceeding. (*See* Appellee's Brief, 6-7 (Entry 6).)

3

the Bankruptcy Code." *Id.*  For these reasons, Judge Bishop correctly required that Appellant file the Motion in accordance with Fed. R. Bankr. P. 7001-7004.

Finally, Appellant contends that the bankruptcy court erred in denying her Motion on the ground that it does not present an actual and justiciable controversy ripe for judicial review.  The court agrees.[4]  Declaratory judgment actions must present a justiciable controversy rather than a controversy of a hypothetical or abstract character.  *Va. Soc'y for Human Life, Inc. v. Fed. Election Comm'n*, 263 F.3d 379, 390 (4th Cir. 2001).  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

In this case, Appellant's counsel allegedly is restricted in his ability to render legal advice because of the risk of civil penalties should the DRA provisions apply to him.  *See, e.g.*, Keith Lundin, *Ten Principles of BAPCPA: Not What Was Advertised*, 24 AM. BANKR. INST. J. 1, 69 (2005) ("[BAPCPA] is new territory – a federal statute that regulates the contracting practices and advice given by state-licensed attorneys in a single-subject matter area.").  Appellant faces significant impediments without a judicial decision because the DRA provisions of BAPCPA require Appellant and Appellant's counsel "to adjust [their] conduct immediately."  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 891 (1990).  Thus, while Appellant must re-file the Motion as a complaint for an adversary

---

[4]    A district court recently held BAPCPA's DRA provisions did extend to attorneys and that 11 U.S.C. §526(a)(4) unconstitutionally "prevent[ed] lawyers from giving clients their best advice."  *See Hersh v. United States*, 347 B.R. 19,*24 (N.D. Tex. 2006).

proceeding, the court concludes that Appellant's challenges to the DRA provisions of BAPCPA present a justiciable controversy ripe for judicial review.

### III.    CONCLUSION.

For the reasons stated, Judge Bishop's Order is affirmed in part and reversed in part.

**IT IS SO ORDERED**.

                                                S/ Margaret B. Seymour
                                                United States District Judge

September 25, 2006
Columbia, South Carolina